IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| GUENDA HOLEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:16CV439 |
| | ) | |
| NANCY A. BERRYHILL,[1] | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Guenda Holeman ("Plaintiff") brought this action pursuant to Section

1631(c)(3) of the Social Security Act (the "Act"), as amended (42 U.S.C. § 1383(c)(3)), to obtain

judicial review of a final decision of the Commissioner of Social Security denying her claim

for Supplemental Security Income under Title XVI of the Act.  The parties have filed cross-

motions for judgment, and the administrative record has been certified to the Court for review.

I.      PROCEDURAL HISTORY

Plaintiff protectively filed her application for Supplemental Security Income on June 6,

2012, alleging disability beginning November 1, 2011.  (Tr. at 15, 232-37.)[2]  Her application

was denied initially (Tr. at 99-111, 131-38), and that decision was upheld upon reconsideration

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Carolyn W. Colvin as the Defendant in this suit.  No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] Transcript citations refer to the Sealed Administrative Record [Doc. #13].

(Tr. at 112-26, 142-49). Thereafter, Plaintiff requested an administrative hearing de novo before an Administrative Law Judge ("ALJ"). (Tr. at 150-52.) Plaintiff attended the subsequent hearing on August 19, 2014, along with her attorney and an impartial vocational expert. (Tr. at 15.) The ALJ ultimately concluded that Plaintiff was not disabled within the meaning of the Act (Tr. at 29), and, on March 8, 2016, the Appeals Council denied Plaintiff's request for review of the decision, thereby making the ALJ's conclusion the Commissioner's final decision for purposes of judicial review (Tr. at 1-5).

## II.    LEGAL STANDARD

Federal law "authorizes judicial review of the Social Security Commissioner's denial of social security benefits." Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). However, "the scope of [the] review of [such an administrative] decision . . . is extremely limited." Frady v. Harris, 646 F.2d 143, 144 (4th Cir. 1981). "The courts are not to try the case de novo." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974). Instead, "a reviewing court must uphold the factual findings of the ALJ [underlying the denial of benefits] if they are supported by substantial evidence and were reached through application of the correct legal standard." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal brackets omitted).

"Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1993) (quoting Richardson v. Perales, 402 U.S. 389, 390 (1971)). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (internal citations and quotation marks omitted). "If there is

evidence to justify a refusal to direct a verdict were the case before a jury, then there is substantial evidence." Hunter, 993 F.2d at 34 (internal quotation marks omitted).

"In reviewing for substantial evidence, the court should not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the [ALJ]." Mastro, 270 F.3d at 176 (internal brackets and quotation marks omitted). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." Hancock, 667 F.3d at 472. "The issue before [the reviewing court], therefore, is not whether [the claimant] is disabled, but whether the ALJ's finding that [the claimant] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996).

In undertaking this limited review, the Court notes that in administrative proceedings, "[a] claimant for disability benefits bears the burden of proving a disability." Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). In this context, "disability" means the "'inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.'" Id. (quoting 42 U.S.C. § 423(d)(1)(A)).[3]

---

[3] "The Social Security Act comprises two disability benefits programs. The Social Security Disability Insurance Program . . . provides benefits to disabled persons who have contributed to the program while employed. The Supplemental Security Income Program . . . provides benefits to indigent disabled persons. The statutory definitions and the regulations . . . for determining disability governing these two programs are, in all aspects relevant here, substantively identical." Craig, 76 F.3d at 589 n.1 (internal citations omitted).

"The Commissioner uses a five-step process to evaluate disability claims." Hancock, 667 F.3d at 472 (citing 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4)). "Under this process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy." Id.

A finding adverse to the claimant at any of several points in this five-step sequence forecloses a disability designation and ends the inquiry. For example, "[t]he first step determines whether the claimant is engaged in 'substantial gainful activity.' If the claimant is working, benefits are denied. The second step determines if the claimant is 'severely' disabled. If not, benefits are denied." Bennett v. Sullivan, 917 F.2d 157, 159 (4th Cir. 1990).

On the other hand, if a claimant carries his or her burden at each of the first two steps, and establishes at step three that the impairment "equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations," then "the claimant is disabled." Mastro, 270 F.3d at 177. Alternatively, if a claimant clears steps one and two, but falters at step three, i.e., "[i]f a claimant's impairment is not sufficiently severe to equal or exceed a listed impairment, the ALJ must assess the claimant's residual function[al] capacity ('RFC')." Id. at 179.[4] Step four then requires the ALJ to assess whether, based on that RFC, the claimant can

---

[4] "RFC is a measurement of the most a claimant can do despite [the claimant's] limitations." Hines, 453 F.3d at 562 (noting that pursuant to the administrative regulations, the "RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis . . . [which] means 8 hours a day, for 5 days a week, or an equivalent work schedule" (internal emphasis and quotation marks omitted)). The RFC includes both a "physical exertional or strength limitation" that assesses the claimant's "ability to do sedentary, light, medium, heavy, or very heavy work," as well as "nonexertional limitations (mental, sensory, or skin impairments)." Hall, 658 F.2d at 265. "RFC is to be

"perform past relevant work"; if so, the claimant does not qualify as disabled. Id. at 179-80. However, if the claimant establishes an inability to return to prior work, the analysis proceeds to the fifth step, which "requires the Commissioner to prove that a significant number of jobs exist which the claimant could perform, despite [the claimant's] impairments." Hines, 453 F.3d at 563. In making this determination, the ALJ must decide "whether the claimant is able to perform other work considering both [the claimant's RFC] and [the claimant's] vocational capabilities (age, education, and past work experience) to adjust to a new job." Hall, 658 F.2d at 264-65. If, at this step, the Government cannot carry its "evidentiary burden of proving that [the claimant] remains able to work other jobs available in the community," the claimant qualifies as disabled. Hines, 453 F.3d at 567.

III. DISCUSSION

In the present case, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her June 6, 2012 application date. Plaintiff therefore met her burden at step one of the sequential evaluation process. At step two, the ALJ further determined that Plaintiff suffered from the following severe impairments:

> drug and alcohol abuse, borderline intellectual functioning, chronic pancreatitis, depression, and status post left ankle fracture.

(Tr. at 17.) The ALJ found at step three that none of these impairments, singly or in combination, met or equaled a disability listing. (Tr. at 18.) Therefore, the ALJ assessed Plaintiff's RFC. Proceeding through the sequential analysis, the ALJ found that Plaintiff's

---

determined by the ALJ only after [the ALJ] considers all relevant evidence of a claimant's impairments and any related symptoms (*e.g.*, pain)." Hines, 453 F.3d at 562-63.

impairments, including her substance abuse disorders, prevented her from performing even basic work-related activities. (Tr. at 20.) The ALJ then repeated the sequential analysis and determined that absent substance abuse, Plaintiff could perform medium work with further limitations to simple, routine, repetitive tasks, "only occasional variance in her work duties," and "frequent exposure to the public and supervisors." (Tr. at 24.) Accordingly, the ALJ proceeded to step four, where he found that Plaintiff had no past relevant work or transferable job skills. (Tr. at 28.) However, he concluded at step five that, given Plaintiff's age, education, work experience, and RFC, along with the testimony of the vocational expert regarding those factors, she could perform other jobs available in the national economy and therefore was not disabled. (Tr. at 28-29.)

Plaintiff now raises two challenges to the ALJ's decision. First, she contends that the ALJ was required to find her disabled under 20 C.F.R. § 416.962(b) because she had turned 55 years old prior to the date of the decision and had no past relevant work experience and no more than a limited education. Second, Plaintiff argues that the RFC fails to properly account for her moderate limitations in concentration, persistence, and pace as required by Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015).

A.     Section 416.962(b)

Section 416.962(b) of the Social Security regulations provides that if a claimant has "a severe, medically determinable impairment(s)," is of advanced age (age 55 or older), has a limited education or less, and has no past relevant work experience, the decision-maker will find the claimant disabled. 20 C.F.R. § 416.962(b). The section further directs that, "[i]f the evidence shows that [a claimant] meet[s] this profile," the decision-maker need not assess the

claimant's RFC or consider whether the Medical-Vocational Guidelines ("the Grids") contained in 20 C.F.R. Chapter III, Part 404, Subpart P, Appendix 2, apply. Id. The purpose of § 416.962, as reflected in the title, is to address "Medical-vocational profiles showing an inability to make an adjustment to other work." See also Social Security Ruling 82–63, Titles II and XVI: Medical–Vocational Profiles Showing an Inability to Make an Adjustment to Other Work, 1982 WL 31390, at *2 (1982). Plaintiff contends that she meets all four requirements of this section and therefore was entitled to a finding of disability.

With respect to this contention, it is undisputed that the ALJ did not address or consider the applicability of this provision. It is also undisputed that Plaintiff turned 55 on October 31, 2012, while her application was pending, and at the time of the ALJ's decision, she was age 56. In addition, the ALJ specifically found that she had "no past relevant work" and only "a marginal education." (Tr. at 21, 28.) Finally, the ALJ determined that even if Plaintiff stopped her substance abuse, "the remaining limitations would cause more than a minimal impact on [Plaintiff's] ability to perform basic work activities; therefore, [Plaintiff] would continue to have a severe impairment or combination of impairments." (Tr. at 22.) Thus, it appears that Plaintiff potentially meets all of the requirements of 20 C.F.R. § 416.962(b), at least as of the date of her 55th birthday on October 31, 2012, and it is not clear why the ALJ did not address this regulatory provision.

In her Brief, Defendant contends that:

> [P]ut simply, section 416.962(b) does not apply because, as the ALJ correctly found, [Plaintiff] was not 'at least' 55 years old at the time that she alleged disability. To the contrary, [Plaintiff] was 54 years old, and under the regulations, [Plaintiff] was 'closely approaching advanced age.'

(Def.'s Br. [Doc. #20] at 7.)   However, the regulations setting out the age provisions specifically provide that "[w]e will use each of the age categories that applies to you during the period for which we must determine if you are disabled." 20 C.F.R. § 416.963(b).  Thus, under the applicable regulations, the decision-maker must consider not only the claimant's age at the time of the alleged onset, but must also consider each of the age categories that applies during the period of time for which disability is determined.   In this case, the ALJ determined Plaintiff's disability status for the period from the date the application was filed in June 2012 until the date of the decision in September 2014.  (Tr. at 15.)  As a result, while the ALJ considered Plaintiff as "closely approaching advanced age" (age 50-54) at the time of filing in June 2012, the ALJ was still required to consider Plaintiff as a person of "advanced age" (age 55 or older) after she turned 55 in October 2012.  Notably, this is not a case where the claimant turned 55 shortly <u>after</u> the ALJ's decision was issued.  Nor is this a case involving a Title II disability determination as of a "date last insured," where the claimant turned 55 after the date last insured had passed.  Thus, it is not clear why the ALJ failed to consider the provisions of 20 C.F.R. § 416.962(b) despite the fact that Plaintiff was 55 or older for the vast majority of the period at issue.[5]

---

[5] Similarly, to the extent the ALJ used the Medical-Vocational Guidelines as a framework, the ALJ relied on Medical-Vocational Rule 203.18, which applies to an individual "closely approaching advanced age" with limited or less education and past relevant work experience of either unskilled or none, but the ALJ failed to consider the applicable Medical-Vocational Rule for an individual of "advanced age" for the period after Plaintiff turned 55.  The Medical-Vocational Guidelines themselves reflect the provisions of 20 C.F.R. § 416.962(b), in that the applicable Medical-Vocational Guideline 203.10 provides that for an individual of advanced age, with limited or less education and no past relevant work experience, an RFC of medium work would lead to a finding of "disabled."  <u>See also</u> Appendix 2 to Subpart P of Part 404, 203.00(c) ("[T]he absence of any relevant work experience becomes a more significant adversity for persons of advanced age (55 and over).  Accordingly, this factor, in combination with a limited education or less, militates against making a vocational adjustment to even this substantial range of work and a finding of disabled is appropriate.").  Notably, the state agency consultant on reconsideration considered the Medical Vocational Rule for an individual of advanced age, but included past

8

Defendant further argues that, even if the ALJ erred regarding the age requirement of § 416.962(b), remand is not required because the record reflects some work history by Plaintiff, which would support the conclusion that Plaintiff does in fact have past relevant work experience and therefore § 416.962(b) would not apply. (Def.'s Br. [Doc. #20] at 10.) However, the ALJ in this case considered the evidence and specifically concluded that Plaintiff "does not have past relevant work" for purposes of 20 C.F.R. § 416.965. (Tr. at 28, 21.) Moreover, the ALJ did not even consider § 416.962(b), and the Commissioner may not offer evidence not relied upon by the ALJ to provide substantial evidence for a conclusion that the ALJ did not reach or even consider. See Anderson v. Colvin, No. 1:10CV671, 2014 WL 1224726 (M.D.N.C. March 25, 2014) ("Review of the ALJ's ruling is limited further by the so-called 'Chenery Doctrine,' which prohibits courts from considering post hoc rationalizations in defense of administrative agency decisions. . . . Under the doctrine, a reviewing court 'must judge the propriety of [agency] action solely by the grounds invoked by the agency. . . . If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis.'" (quoting Sec. & Exch. Comm'n v. Chenery Corp., 332 U.S. 194 (1947)).

Ultimately, because 20 C.F.R. § 416.962(b) potentially applied but was not considered or addressed by the ALJ, remand is required to allow this regulatory provision to be considered administratively in the first instance. See Radford v. Colvin, 734 F.3d 288, 295 ("If the reviewing court has no way of evaluating the basis for the ALJ's decision, then the proper

---

relevant semi-skilled work. (Tr. at 125.) In contrast, the ALJ ultimately concluded that Plaintiff had no past relevant work experience, but failed to consider the Medical Vocational Rule for a person of advanced age.

course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." (internal quotation omitted)). Having reached this conclusion, the Court need not reach the other issues raised by Plaintiff in this appeal. On remand, Plaintiff's claim should be considered in light of the regulatory language and applicable guidance, see SSR 82-63, taking into account the change of age category while the case was pending and any other issues also raised in this case.

IT IS THEREFORE RECOMMENDED that the Commissioner's decision finding no disability be REVERSED, and that the matter be REMANDED to the Commissioner under sentence four of 42 U.S.C. § 405(g). The Commissioner should be directed to remand the matter to the ALJ for proceedings consistent with this Recommendation. To this extent, Defendant's Motion for Judgment on the Pleadings [Doc. #19] should be DENIED, and Plaintiff's Motion for Judgment on the Pleadings [Doc. #17] should be GRANTED. However, to the extent that Plaintiff's motion seeks an immediate award of benefits, it should be DENIED.

This, the 28th day of February, 2018.

_____/s/ Joi Elizabeth Peake_____
United States Magistrate Judge